BURKE *versus* ADKINS, *et ux.*

Debt, suggesting a *devastavit*, is maintainable. on a judgment by default, obtained against the representatives of an estate ; *either before, or after the* issuance of a *fi. fa.*

Burke, plaintiff in error, having obtained a judgment by default, in the Circuit Court of Shelby, against the estate of one Porter, brought his action of debt, suggesting a *devastavit* against the present defendants, representatives of the same. The declaration of the plaintiff was demurred to, and judgment was rendered by the Court, in favor of the defendants.

The only question presented in this Court, was, whether debt suggesting a *devastavit* would lie against the administrators, *de bonis propriis*, without an averment of the issuance of a *fi. fa.* and the return of *nulla bona* thereto, on the judgment obtained against the estate.

MOODY and ELLIS for Plaintiff—cited 2 *Chitty's Pl.* 484, '5, 1 *Chitty's Pl.* 47.

PECK, *contra.*—1 *Cowen,* 734, 736, 739—1 *Johns. Cas.* 276.

By Mr. Justice THORNTON:

This was an action of debt, suggesting a *devastavit,* in the Circuit Court of Shelby county, brought by the plaintiff in error against the defendants, upon a judgment by default, before that time rendered, in favor of the plaintiff, against Mary M. Porter, (now the wife of the defendant Adkins,) and one McKinney, as administratrix and administrator of Mitchell A. Porter, deceased.

The declaration contains two counts, differing only in this, that in the first, there is an averment of the issuance of a *fi. fa.* upon the judgment, and a return thereon of *nulla bona,* which is omitted in the second count. There was a general demurrer to both counts, and judgment pronounced in favor of the defendants; which is now here assigned for error. Both these counts aver a judgment to have been had by default, against the representatives of the intestate, and a *devastavit* committed, to the value of the debt demanded. That the facts, of assets received, and wasted by the representatives, constitute a liability to a recovery, *de bonis propriis,* is not controverted; nor is it denied, that the first named of those facts, is established by the judgment by default. The propriety of the judgment below, however, is endeavored to be maintained, by contending, that the averment of a *fi. fa.* and return of *nulla bona,* is a necessary one; which being omitted altogether in the last count, renders that defective; and not being properly averred, or sufficient in itself, as set forth in the first, vitiates also that count. Now, with regard to the first count, taking it for granted that those allegations are necessary, I think they are alleged with sufficient legal effect. But,

from an examination of the authorities and precedents, I find that the action is maintainable, before any *fi. fa.* issued on the judgment against the representatives.

A leading case on this head of the law, is *Wheat-ly* vs. *Lane*,[a] where the declaration was demurred to expressly for that supposed defect, and held to be sufficient. In the note to that case, by *Sergeant Williams*, it is explicitly declared, that either mode is good—that is, that the action will lie before any execution issued on the judgment, or after execution issued; but, that it is usual, first to sue out a *fieri facias* on the judgment, and upon the sheriff's return of *nulla bona*, to bring the action, and state the judgment, the writ and return in the declaration, and on the trial, the record of the judgment, the *fi. fa.* and the return, will be sufficient evidence to prove the case.[b] Upon principle, this would seem clearly correct, and the only reason for averring the judgment itself, is, *ita lex scripta est;* for, according to the well settled rules of pleading, facts themselves, and not the evidence of those facts, constitute the pleadings.— Now, this action of *devastavit*, is founded on the fact, of assets received by the representatives, of which the judgment is only evidence; and the further fact of waste, of which, though the return of *nulla bona* to a *fi. fa*, when one has issued, is demonstrative evidence; yet the fact can be established, if no such *fi. fa.* has issued, by other, equally satisfactory proof. From this view of the case, both of the counts are good; and therefore, the judgment rendered against the plaintiff on demurrer, must be reversed, and the cause remanded.

[a] 1 Saund. 216.

[b] 1 Saund. 219, b, note 8, and the authorities there cited.